O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

FEB 17 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASILIO JORGE, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 09-1503 RNB <br><br> ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR PAYMENT OF BENEFITS |

Plaintiff filed a Complaint herein on August 10, 2009, seeking review of the Commissioner's denial of his application for disability insurance benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on February 10, 2010. Thus, this matter now is ready for decision.[1]

## DISPUTED ISSUES

As reflected in the Joint Stipulation ("Jt Stip"), the disputed issues that plaintiff

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

is raising as the grounds for reversal and/or remand are as follows:

1. Whether the Residual Functional Capacity ("RFC") found by the Administrative Law Judge ("ALJ") is supported by substantial evidence.

2. Whether the ALJ erred in failing to properly address plaintiff's testimony regarding his pain and limitations.

3. Whether the ALJ properly considered the opinion of Dr. James Hwang, a treating doctor.

## DISCUSSION

The Court is unable to affirm the ALJ's decision for the following reasons.

First, for the reasons stated by plaintiff with respect to Disputed Issue No. 1 (see Jt Stip at 2-5, 8-10), the Court finds and concludes that the ALJ erred in relying on the medical expert's opinion for purposes of his RFC determination. It is clear from the medical expert's testimony at the administrative hearing that he arrived at his opinion without considering all the relevant medical evidence of record.

Second, for the reasons stated by plaintiff with respect to Disputed Issue No. 2 (see Jt Stip at 11-14, 17-19), the Court finds and concludes that the ALJ erred in making his adverse credibility determination. The Court also notes that, in contravention of governing Ninth Circuit authority, the ALJ failed to specify which statements by plaintiff concerning "the intensity, persistence and limiting effects" of his symptoms were not credible and/or in what respect(s) plaintiff's statements were not credible. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion.").

Third, for the reasons stated by plaintiff with respect to Disputed Issue No. 3 (see Jt Stip at 19-21, 23-25), the Court finds and concludes that the ALJ failed to properly consider the opinion of plaintiff's treating physician, Dr. Hwang. The fact that a treating physician's opinion is contradicted by the opinions of other physicians of record is not in itself a sufficient reason to reject the treating physician's opinion,

but rather is merely determinative of the governing standard for doing so.

### Order

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Ninth Circuit also has held that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[2]; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988);

---

[2] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

3

1  Lester, 81 F.3d at 834; Pitzer v. Sullivan, 980 F.2d 502, 506 (9th Cir. 1990); Smolen,
2  80 F.3d at 1292; Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989). Under the
3  foregoing authorities, when this test is met, the Court will take the improperly
4  discredited testimony as true and not remand solely to allow the ALJ another
5  opportunity to make specific findings regarding that testimony. This rule applies not
6  only to a claimant's improperly discredited excess pain and other subjective symptom
7  testimony, but also to improperly discredited opinions of a treating or examining
8  physician.

9  Here, the Court has found that the ALJ failed to provide legally sufficient
10 reasons for rejecting plaintiff's subjective testimony concerning his pain and other
11 symptoms, and the opinion of plaintiff's treating physician, Dr. Hwang, regarding
12 plaintiff's limitations. Further, it is clear from the vocational expert's testimony that
13 if plaintiff's testimony were credited, the ALJ would be required to find plaintiff
14 disabled. (See AR 45-46). Likewise, if Dr. Hwang's opinion were credited regarding
15 plaintiff's sitting and standing/walking limitations, need for rest periods, inability to
16 work consistently at even a sedentary level of exertion, and the number of times a
17 month plaintiff likely would be absent from work (see AR 345-49), it is clear that the
18 ALJ would be required to find plaintiff disabled.

19 The Court is mindful of Ninth Circuit authority suggesting that the "crediting
20 as true rule" is not mandatory in the Ninth Circuit. See, e.g., Connett v. Barnhart, 340
21 F.3d 871, 876 (9th Cir. 2003). However, militating in favor of applying the "crediting
22 as true" rule here is the fact that plaintiff now has been seeking benefits for over 5
23 years. See Hammock, 879 F.2d at 503, recently followed in Vasquez v. Astrue, 572
24 F.3d 586, 593-94 (9th Cir. 2009).

25 The Court therefore has concluded that this is a case where remand for the
26 payment of benefits is warranted.
27 //
28 //

Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for the payment of benefits.

DATED: February 16, 2010

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE